**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 04-cv-02432-RPM-BNB

JAMES L. DETTERLINE,

    Plaintiff,

v.

DIRK KEMPTHORNE, in his official capacity as Secretary,
United States Department of the Interior,

    Defendant.

---

## PROTECTIVE ORDER

---

This matter comes before the Court on Defendant's Unopposed Motion for Entry of a Protective Order. Defendant objects to disclosing information responsive to Plaintiff's Interrogatory Nos. 3, 4, and 5, and to producing documents responsive to Plaintiff's Request for Production No. 1. Defendant asserts that disclosure of information and/or documents containing the names and/or medical conditions of third parties to this lawsuit could be a violation of the Privacy Act, 5 U.S.C. § 552a. In an effort to avoid a discovery dispute, Defendant has filed an Unopposed Motion for Entry of a Protective Order. The Court, having considered this motion, HEREBY ORDERS:

    1.    Pursuant to 5 U.S.C. § 552a(b)(11), Defendant is authorized to release to Plaintiff James Detterline ("Plaintiff") information and documents concerning third-party employees with the National Park Service that are responsive to Plaintiff's discovery requests served on

Defendant on September 18, 2006.  It is further ordered that this Protective Order applies to all information and documents released.

2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and statutory privacy interests of current or former National Park Service employees.  *See, e.g.*, the Privacy Act, 5 U.S.C. § 552a, *et seq*. (concerning disclosure of personally identifiable information).  CONFIDENTIAL information shall not be disclosed or used for any purpose, except for the preparation and trial of this case.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the written consent of the party producing it or further Order of the Court, be disclosed, except that such information may be disclosed to the following persons:

    (a)    attorneys or *pro se* parties actively working on this case;

    (b)    persons regularly employed or associated with the attorneys or *pro se* parties actively working on the case whose assistance is required by such in the preparation for trial, at trial, or at other proceedings in this case;

    (c)    the parties, including designated representatives for Defendant;

    (d)    expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    (e)    the Court and its employees ("Court Personnel");

    (f)    stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

  (g)  deponents, witnesses, or potential witnesses; and

  (h)  other persons by written agreement of the parties.

  5.  Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel or *pro se* parties, persons employed by counsel or *pro se* parties, Court Personnel, and stenographic reporters), the parties shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to <u>in camera</u> review by the Court if good cause for review is demonstrated by the opposing party.

  6.  Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL".

  7.  Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

  8.  If either party wishes to use CONFIDENTIAL information as attachments to any court pleadings or at trial, the party shall file a motion to seal in accordance with

D.C.Colo.LCiv.R 7.2 and 7.3.

9. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

10. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL.

11.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated this 24th  day of October , 2006.

>BY THE COURT:
>
>s/Richard P. Matsch
>
>United States District Judge

APPROVED:

| NORA V. KELLY, P.C. | TROY A. EID |
| | United States Attorney |
| | |
| *s/Nora V. Kelly* | *s/Amanda A. Rocque* |
| Nora V. Kelly | Amanda A. Rocque |
| 1801 Broadway , Suite 1204 | Assistant United States Attorney |
| Denver, Colorado 80202 | 1225 17th Street, suite 700 |
| (303) 866-9868 | Denver, Colorado 80202 |
| FAX:  (303) 866-0855 | (303) 454-0109 |
| E-mail:  nora@nvkesq.com | FAX:  (303) 454-0404 |
| | E-mail:  amanda.rocque@usdoj.gov |
| | |
| ATTORNEY FOR PLAINTIFF | ATTORNEYS FOR DEFENDANT |